STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2017-36

JUDY GREENAWALD,
           Petitioner

v.

SECRETARY OF STATE,
           Respondent

**DECISION AND ORDER**

The matter before the court is an appeal from the final agency action of the Secretary of State, Bureau of Motor Vehicles, dated June 23, 2017 upholding the suspension of the Petitioner's driver's license for a period of six (6) years. The sole issue before the court is whether the Respondent committed error, as a matter of law, in considering a prior (2009) out-of-state conviction of the Petitioner for the offense of driving under the influence of alcohol (DUI), that had been "expunged" under the law of the State of Pennsylvania. This appeal has been brought in accordance with 5 M.R.S. §§11001-11008 (Maine Administrative Procedure Act) and M.R.Civ.P. 80C.

## FACTUAL AND PROCEDURAL BACKGROUND

Although the record on appeal in this matter is scant, the essential material facts do not appear to be in dispute.

The records of the Secretary of State include information contained in the Commercial Driver License Information System (CDLIS). (Record, hereinafter "R," at Tab 2). That information shows that in 2009, the Petitioner was convicted of driving under the influence of alcohol in Pennsylvania. It also shows that in 2012, she was again convicted of driving under the influence of alcohol in Pennsylvania. Finally, the parties agree that in September 2016, the Petitioner was

charged with operating a motor vehicle in Acadia National Park while having an alcohol level of 0.08% or more. She was convicted of that offense in March 2017 in the United States District Court in Bangor.

In the meantime, in December 2016 the Petitioner's driver's license was administratively suspended for a period of six (6) years on the basis that she had committed three (3) OUI offenses within a ten-year period. *See* 29-A M.R.S. §§2451(3)(C) (license suspension for conviction of OUI, "if the person has 3 OUI offenses within a 10-year period.") and 2453(6)(A) (administrative suspension the same "as if the person were convicted of OUI.").

The Petitioner requested a hearing in accordance with 29-A M.R.S. §§2453(5) & (8) and 2483, which was held on April 24, 2017. There is no record of that hearing, but the parties agree that the only issue raised by the Petitioner was that the length of the suspension of her Maine license should be three (3) years, rather than six (6) years, because the 2009 Pennsylvania conviction had been "expunged." (R. at Tab 3). Counsel for the Petitioner was given additional time to obtain and file documentation from the State of Pennsylvania. (*Id.*)

In a letter dated June 19, 2017, counsel for the Petitioner submitted a copy of the Petitioner's Pennsylvania criminal record. That record shows the 2012 DUI conviction, but not the 2009 DUI conviction, thereby establishing, according to the Petitioner, that it had been expunged. In a letter dated June 23, 2017, the Director of Driver License Services within the Bureau of Motor Vehicles, denied the Petitioner's request for a reduction of her license suspension, stating: "I have reviewed this matter and find that the offense count is correct and the subsequent 6 year license suspension is required pursuant to 29-A M.R.S. §2451."[1] (R. at Tab 4).

---

[1] The Director expressly stated that her letter could be considered as "final agency action in this matter."

The Petitioner filed this appeal on July 21, 2017. Briefing was completed on October 31, 2017. The parties have waived oral argument.

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v. Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v. Maine Public Employees Retirement System*, 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy*, 2014 ME 82, ¶ 11, 95 A.3d 612.

This court must examine "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Friends of Lincoln Lake v Board of Environmental Protection*, 2001 ME. 18 ¶13, 989 A. 2d 1128. The court may not substitute its judgment for that of the agency's on questions of fact. 5 M.R.S. § 11007(3). Determinations of the believability or credibility of the witnesses and evidence, supported by substantial evidence in the record, should not be disturbed by this court. *Cotton v Maine Employment Security Commission*, 431 A. 2d 637, 640 (Me. 1981). The issue is not whether the court would have reached the same result the agency did, but whether the "record contains competent and substantial evidence

3

that supports the result reached" by the agency. *Seider v. Board of Examiners of Psychologists,* 2000 ME 206, ¶ 8, 762 A.2d 551 *quoting CWCO, Inc. v. Superintendent of Insurance,* 1997 ME 226, ¶ 6, 703 A. 2d 1258, 1261.

The Petitioner contends that her 2009 DUI conviction only appears in the CDLIS record of convictions because federal law prohibits states from "masking" certain violations by the holder of a commercial driver's license. 49 CFR §384.226. In essence, the Petitioner maintains that the 2009 conviction is no longer a conviction because it was "expunged" under Pennsylvania law. Rather, she argues, the 2009 conviction appearing in the CDLIS record in the possession of the Secretary of State is merely "a disqualifying action" for purposes of the issuance of a commercial driver's license, and is not a prior conviction under Maine law for the purpose of determining the length of her license suspension. *Petitioner's Brief* at 4. The Petitioner notes that the CDLIS database could include a "conviction" that was later dismissed pursuant to a deferred disposition. *Petitioner's Reply Brief* at 1. The Petitioner points to the definition of "expunge" under Pennsylvania law as "[t]o remove information so that there is no trace or indication that such information existed." Pa. Cons. Stat. §9102.

Nothing in the record of this appeal indicates <u>why</u> the 2009 conviction was expunged, and the Petitioner has acknowledged that expungement does not necessarily mean that a conviction has been vacated. *Pet's Brief* at 4. Rather, expungement means that the records have been physically destroyed. *Commonwealth v. Jagodznski,* 739 A.2d 173, 177, n. 3. (Pa. Super. Ct. 1999). Accordingly, the Petitioner argues that since the record of her 2009 conviction no longer exists, that conviction is a nullity and does not qualify as a prior OUI offense under 29-A M.R.S. §2451(3(C).

The Respondent, on the other hand, points to a provision of Pennsylvania law that, it argues, allows consideration of an "expunged" DUI conviction as a valid

4

prior conviction in imposing the appropriate license suspension. In particular, 18 Pa. Cons. Stat. §9122(c) provides:

> Notwithstanding any other provision of this chapter, the prosecuting attorney and the central repository shall, and the court may, maintain a list of the names and other criminal history record information of persons whose records are required by law or court rule to be expunged where the individual has successfully completed the conditions of any pretrial or post-trial diversion or probation program or where the court has ordered expungement under this section. Such information shall be used solely for the purposes of determining subsequent eligibility for such programs, identifying persons in criminal investigations or *determining the grading of subsequent offenses.* Such information shall be made available to any court or law enforcement agency upon request. (emphasis added).

Pursuant to 29-A M.R.S. §2451(3)(C), "the Secretary of State shall suspend the license of a person convicted of OUI for the following minimum periods: Six years, if the person has 3 OUI offenses within a 10-year period."[2] The records in the possession of the Secretary of State contained information that, indeed, the Petitioner had committed 3 OUI offenses within a 10-year period, namely, 2009, 2012 and 2016. Thus, on the basis of the record evidence before it, the Respondent was required to impose a 6-year suspension of the Petitioner's Maine driver's license.

In the court's view, it is significant that there is no evidence of any kind in the administrative record explaining why the Petitioner's 2009 DUI conviction was expunged. It is conceivable that the Petitioner entered into what in Maine would be referred to as a deferred disposition, whereby she pled guilty to the DUI and later was allowed to withdraw the plea and enter a plea to a non-DUI offense, such as driving to endanger. In Maine, such a result would not be an OUI "conviction" because judgment was never entered on the guilty plea to the OUI. On the other

---

[2] The term "OUI offense," means "an OUI conviction." 29-A M.R.S. §2401(11).

hand, it is also possible that the Petitioner was convicted of the 2009 DUI, but was able to have it expunged under Pennsylvania law.

It is completely unknown from the record what happened and why, other than that the Petitioner's CDLIS record shows a 2009 conviction in Pennsylvania for DUI, that does not appear in her Pennsylvania criminal history record. Pennsylvania's expungement law would appear to apply in a variety of circumstances. 18 Pa.C.S.A. §9122. Maine, of course, has no law generally allowing the expungement of conviction data. Moreover, it is at least arguable that 18 Pa.C.S.A. §9122(c) permits consideration of expunged convictions for the purpose of "the grading of subsequent offenses," in this case to determine the appropriate length of suspension upon the Petitioner's OUI in Maine, making it her third with a 10-tear period.

This proceeding began as an administrative license suspension matter in accordance with 29-A M.R.S. §2453, when the Secretary of State became aware that the Petitioner had operated a motor vehicle with an excessive alcohol level in September 2016 in Acadia National Park. The Legislature has been clear in articulating the purposes of prompt license suspension of those persons who operated with excessive alcohol. Those purposes are:

> To provide maximum safety for all persons who travel on or otherwise use public ways; and
> To remove quickly from public ways those persons who have shown themselves to be a safety hazard by operating a motor vehicle with an excessive alcohol level.

29-A M.R.S. §2453(1)(A) & (B).

The State of Pennsylvania is free to adopt and implement whatever expungement statute it chooses. Maine's Secretary of State, however, must follow the law on the prompt suspension of licenses for those operators of motor vehicles on public ways who have demonstrated that they pose a substantial risk to the safety

of all motorists and pedestrians. The Secretary of State had before him record evidence showing that the Petitioner had OUI offenses (convictions) in 2009, 2012 and 2016. With that information, the Secretary of State was required to suspend the Petitioner's Maine driver's license for a minimum period of 6 years. In doing so, the Respondent relied upon substantial and competent evidence and committed no error of law.

## CONCLUSION

The entry is:

The Petition for Judicial Review of Final Agency Action is DENIED.

The Clerk is directed to incorporate this Order into the docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

DATED: January 16, 2018.

William R. Stokes
Justice, Maine Superior Court

7